PER CURIAM.
This is an appeal by the wife from a final judgment of dissolution of marriage.[1]
The parties were married some six years. Each had been previously married. The husband is a lawyer of some twenty-five years experience, whose income for the year 1980 was $76,000 and whose net worth is $138,000. The wife is forty-nine years of age; she has no net worth, but does have some experience in banking. She worked with a bank during the marriage until the husband asked her to cease working. During the course of the dissolution proceeding the trial court granted her temporary relief in the amount of $110 per week. The award was characterized as “temporary rehabilitative alimony.” The trial court seemed to feel that the wife should obtain employment and commence her rehabilitation. In any event, she had not obtained employment by final hearing, which apparently upset the trial judge. In the final judgment the court found that the wife was being supported by a male friend in a style at least equivalent to the style she enjoyed during the marriage. This fact, together with the fact that the marriage endured only six years and the court’s feeling that the wife had no intention of seeking rehabilitation, convinced the trial court that the wife should receive no permanent or rehabilitative alimony. He did, however, award her $5,000 lump sum alimony.
The only evidence adduced relative to attorney’s fees was that the reasonable value of the wife’s attorney’s services was $100 per hour. Her lawyer testified that he devoted thirty-five hours to the case. Thus, a reasonable fee would be $3,500; however, the trial court only allowed her $2,500 for her attorney’s fees.
*801 In our view of this record, this is a proper case for an allowance of rehabilitative alimony in addition to the lump sum award. The wife, at forty-nine, is employable, and she has some experience in banking. She has no assets and no income. Accordingly, some reasonable award of rehabilitative alimony should have been made to carry her over until she can find employment and is rehabilitated. If she fails to take advantage of it (as apparently the trial judge felt she did pendente lite), then so be it. But the opportunity should be made available to her to reenter the market place and become independent again. We specifically reject the trial judge’s finding relative to her life style with a male friend at the time of final hearing as not supported by the record.
Finally, we also hold that the award of attorney’s fees was inadequate under the evidence. The wife should not have to use up her small lump sum alimony award to pay part of her attorney’s fees.
Accordingly, the judgment appealed from is affirmed in all respects except as to the award of alimony and attorney’s fees. The case is remanded with directions to award the wife an attorney’s fee consistent with the evidence and to award her rehabilitative alimony in a reasonable amount for a reasonable time.
AFFIRMED IN PART; REVERSED IN PART, and remanded for modification consistent herewith.
DOWNEY, HURLEY and WALDEN, JJ., concur.

. The husband has cross appealed, but his failure to present any argument demonstrating error constitutes an abandonment of the cross appeal.